McAdam, J.
The suit, which is in equity, to enjoio. the running of the defendants’ road and for damages, was tried November, 1889, and decided November 5,.. 1890, judgment being awarded for $1,542 past damages,, with a provision that if $3;ooo were paid, a conveyance of the easement should be executed and delivered to the.defendants. They now prove that after the trial, and! before judgment, to wit, on August 27, 1890, the-plaintiffs conveyed the fee of the property to Denis. Shea and others, and that the grantees refuse to-execute the required release. The defendants on this, evidence, said to be newly discovered, move to set. aside the judgment.
The action did not abate by the change of interest (Code, sec. 756), and the grantees are as much' bound by the judgment as though they had been parties, the pendency of the action being in the nature of a lis pendens. The past damages certainly belong to the™ *322 plaintiffs, and there should be no new trial as to those. The $3,000 is to be paid only on the execution and tender of a release, and whether this comes from the plaintiffs or their grantees is of no consequence, so long as it accomplishes its purpose. The grantees can maintain no other action while the judgment herein is of record, as it is a bar- to any such proceeding. This being so, the decree needs no modification, and the defendants require no relief. How the plaintiffs arrange with the grantees or obtain the requisite release is of no consequence to the defendants, so long as they get a proper conveyance, duly executed, in a form sufficient to pass title to the easement.
Motion denied' without costs.